UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| **Lawrence Johnson and Dorothy Johnson,** | ) | **COMPLAINT** |
| | ) | |
| Plaintiffs, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **National Action Financial Services, Inc.,** | ) | **DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiffs, Lawrence Johnson and Dorothy Johnson, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act (hereinafter "TCPA"). Plaintiffs also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Aiken Division because the Plaintiffs reside in Aiken County and the Defendant transacted business in this division.

## PARTIES

4. The Plaintiffs, Lawrence Johnson and Dorothy Johnson, are residents and citizens of the State of South Carolina, Aiken County, and are over the age of twenty-one (21) years.

5. The Defendant, National Action Financial Services, Inc. (hereinafter referred to as "NAFS"), is a Georgia corporation registered in South Carolina. Defendant can be served through its Registered Agent, CT Corporation System, 2 Office Park Suite 103, Columbia, SC 29223.

6. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division.

7. The Defendant is engaged in the business of collecting consumer debts from consumers residing in South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Beginning in September, 2010, and continuing through the date of the filing of this Complaint, the Defendant, its agents and employees, have called the Plaintiffs' phone multiple times each week with the intent to harass, annoy, and intimidate the Plaintiffs.

9. The Defendant has been repeatedly contacting the Plaintiffs via an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1). Said calls were made using an artificial voice and/or prerecorded message.

10. The Defendant repeatedly called the Plaintiffs on a number that was assigned to a

residential telephone line without express permission from the Plaintiffs pursuant to 47 U.S.C. §227(b)(1)(B).

11. None of Defendant's telephone calls placed to Plaintiffs were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(B).

12. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

13. Since September, 2010, the Defendant has called the Plaintiffs an average of three to four times per week.

14. On September 21, 2010, and October 25, 2010, the Defendant caused the Plaintiffs' telephone to ring at least twice in one day with the intent to annoy, harass, and intimidate the Plaintiffs. The Defendant's have also contacted the Plaintiffs at least 30 times since September, 2010, with the intent to annoy, harass, and intimidate the Plaintiffs.

15. On October 4, 2010, the Defendant received a cease and desist letter, as well as a request for debt validation, from the Plaintiffs by certified mail. A copy of this letter is attached hereto as Exhibit A.

16. In said letter, the Plaintiffs indicated to the Defendants that any contact by phone or any other electronic means would be inconvenient.

17. Despite receipt of the Plaintiffs' cease and desist letter, the Defendant telephoned the Plaintiffs at least 18 more times between October 4, 2010, and the date of the filing of this Complaint.

18. Starting on October 12, 2010, the Defendant called the Plaintiffs' telephone and

began to leave automated messages for the Plaintiffs on their answering machine. The automated calls were identified as coming from "Mr. Lynch" and "Mr. Whitsling" and indicated that the calls were to collect a debt.

19. The Plaintiffs' home phone number is registered to Mr. Johnson, while the debt collection messages were left for Mrs. Johnson.

20. As of the date of the filing of this Complaint, the Plaintiffs have received at least 8 automated messages on their answering machine from the Defendant's debt collectors.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

21. The Plaintiffs adopt the averments and allegations of paragraphs 8 through 20 hereinbefore as if fully set forth herein.

22. The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiffs' alleged consumer debt.

23. The Defendant violated §1692c(a)(1) by repeatedly contacting the Plaintiffs at a time or place Defendant knew or should have known was inconvenient to the Plaintiffs.

24. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs by repeatedly telephoning the Plaintiffs with the intent to annoy, abuse, or harass the Plaintiffs in an effort to coerce them into paying a debt in violation of §1692d(5).

25. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs by failing to make meaningful

disclosure of the caller's identity in violation of §1692d(6).

26. The Defendant violated the FDCPA by leaving messages for Mrs. Johnson on her non-exclusive home phone answering machine.

27. As a proximate result of the Defendant's actions, the Plaintiffs were caused to suffer actual damages, worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, family discord, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

28. The Plaintiffs adopt the averments and allegations of Paragraphs 8 through 27 hereinbefore as if fully set forth herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* the Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

31. The Plaintiffs adopt the averments and allegations of Paragraphs 8 through 30 hereinbefore as if fully set forth herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

34. The Plaintiffs adopt the averments and allegations of paragraphs 8 through 33 hereinbefore as if fully set forth herein.

35. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

36. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

37. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

38. Defendant negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

39. As a result of Defendant's negligence, the Plaintiffs suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

40. The Plaintiffs adopt the averments and allegations of paragraphs 8 through 39 hereinbefore as if fully set forth herein.

41. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

42. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

43. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

44. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

45. As a result of Defendant's recklessness and wantonness, the Plaintiffs suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant as follows:

A. Statutory damages of $1,000 from the Defendant for its violations of the FDCPA (15 U.S.C. §1692k);

B. Actual damages for Defendant's violations of the FDCPA;

C. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.

    §1692k;

D.    Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiffs' state law claims for damages due to the Defendant's Negligent Training and Supervision; Reckless and Wanton Training and Supervision;

E.    Statutory damages from the Defendant for each of its violations of the TCPA;

F.    Treble damages from the Defendant for its knowing and/or willful violations of the TCPA, 47 U.S.C. §227 *et seq.*, and;

G.    For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiffs

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
National Action Financial Services, Inc.
c/o CT Corporation System, Registered Agent

2 Office Park Suite 103
Columbia, SC 29223